ALBERT L. LAWRENCE, PLAINTIFF, v. ROBERT H. REED, DEFENDANT.

Decided October 5, 1926.

**Capias ad Respondendum—Application for Discharge From Arrest and Release of Bail—Held, Upon Facts as Presented There was Ample Justification for Writ and the Holding to Bail—Burden on Defendant to Show Plaintiff's Affidavit Untrue and Writ Improvidently Issued—This Burden Not Met.**

For the plaintiff, *Quinn, Parsons & Doremus.*

For the defendant, *Homer D. Smith.*

The opinion of the court was delivered by

LLOYD, J. This is an application to discharge the defendant from arrest on a *capias ad respondendum.* The action is twofold: the first count of the complaint alleging criminal conversation with the plaintiff's wife, and the second and third counts alleging alienation of the wife's affections for her husband. The defendant was arrested and held to bail on the order of a Supreme Court commissioner. On application an order was made by a justice of the Supreme Court to show cause why the defendant should not be discharged from arrest and his bail released, with leave to take depositions on the order.

On the taking of proofs the plaintiff's counsel called the plaintiff whose testimony was taken and objected to by the defendant excepting in so far as to establish the fact of marriage, and this objection is pressed before me. No other testimony was taken.

No attack is made upon the original order, but it is contended that inasmuch as the husband could not testify in the criminal conversation phase of the action, his deposition taken under the order was incompetent and must be disregarded. I incline to think this contention is right, but this does not lead to the discharge of the defendant.

The sixty-second section of the Practice act authorizes a judge of the court out of which the writ may have issued to, on notice to the plaintiff, to make an order for the taking of testimony concerning the truth of the proofs upon which the order for bail was made and "if from the testimony so taken the judge shall be of the opinion that the order for bail should not have been made against any defendant, he shall upon terms make such order for his discharge from arrest and the discharge of his bail as the nature of the case may require."

There was ample proof before the commissioner justifying the issuance of the writ and the holding to bail. If the affidavit upon which the order was made be true, the case exhibits a most flagrant violation of the plaintiff's rights and of the debauchery of his wife. With the husband's testimony eliminated this leaves the case stand precisely as it did when the order to hold to bail was made. The burden is on the defendant to show that the plaintiff's affidavit on which the order for bail was made is untrue and the writ improvidently issued. *Tyler* v. *Allen,* 31 *N. J. L.* 442. This burden he has not met and there is nothing before me to controvert the facts set out in the affidavit. The affidavit of the husband was competent to establish the preliminary facts upon which the writ itself could issue. *Painter* v. *Houston, 28 Id.* 121. Under the provisions of the sixty-second section above cited there is no legal proof before me that the order to hold to bail was improvidently issued or should now be disturbed.

As already indicated the affidavit being sufficient for the purpose the rule will be discharged.