RALPH W. VAN NORMAN AND ANNA J. VAN NORMAN, PLAINTIFFS, v. DARYL F. SERTELL AND ALYCE K. SERTELL, DEFENDANTS.

Argued February 14, 1947—Decided May 1, 1947.

For the plaintiffs, *Harry R. Cooper*.

For the defendants, *Joseph Adamo*.

EASTWOOD, J.   This is an application to discharge the defendants from arrest on a *capias ad respondendum* and for the discharge of an order holding them to bail made by a Supreme Court Commissioner.   The action which forms the subject-matter of the writ is based upon a contract of sale made on or about June 28th, 1946, under which the plaintiffs purchased from the defendants a newspaper business known as the Belmar News Agency consisting, *inter alia*, of newspaper trucks, incidental personal property and newspaper routes for the purchase price of $12,000.

In the affidavit submitted to the Commissioner and upon which the writ was issued and the holding to bail made, it is alleged that at the time of the sale the defendants fraudulently represented to the plaintiffs that the business in question was free and clear of all debts and claims; and further, that the defendants also fraudulently represented that the gross sales

of the business aggregated $389.49 a week. The affidavit goes on to say that the business was not in fact free of all claims and indebtedness, but that there were bills against the business amounting to $190.68 and the gross sales aggregated only $294.63 a week, or a difference of $94.86 per week, all of which facts, it is alleged, were well known to the defendants at the time of sale. It is claimed by the plaintiffs that they were induced to pay the purchase price of $12,000 in reliance on the aforesaid fraudulent representations. With this proof before him, the Commissioner issued the writ and made the holding to bail complained of.

Under the provisions of *R. S.* 2 :27–72 (d), a *capias ad respondendum* may issue in actions founded upon contract, upon proof, by affidavit or otherwise, to the satisfaction of a Supreme Court Commissioner that there is a debt or demand founded upon contract and establishing that the defendant fraudulently contracted the debt or incurred the demand. It is contended by the defendants that the writ was improperly issued on the grounds that the affidavit submitted by the plaintiffs did not set forth sufficient, legally admissible proof upon which a writ of *capias ad respondendum* could properly issue. A careful reading of the affidavit in question does not substantiate the defendants' contention. The facts stated in the affidavit, which incidentally are based upon the actual knowledge of the plaintiffs, clearly state that the plaintiffs were induced to purchase the business in question as the result of alleged fraudulent representations by the defendants, concerning (1) the status of the business as to outstanding bills, and (2) the gross sales of the business, both of which material facts, if we are to believe the plaintiffs' affidavit, were not true and were fraudulently made for the express purpose of effecting the sale in question. The facts, as thus set forth, make out a *prima facie* case of indebtedness, which is all that is required under the statute. See *Painter* v. *Houston,* 28 *N. J. L.* 121. The burden is on the defendant to show that the plaintiffs' affidavit on which the order for bail is made is untrue and the writ improvidently issued. *Tyler* v. *Allen,* 31 *Id.* 441. As stated by Mr. Justice Lloyd, in *Lawrence* v. *Reed,* 4 *N. J. Mis. R.* 829; 134 *Atl. Rep.* 621, "This burden

he has not met and there is nothing before me to controvert the facts set out in the affidavit." There is, therefore, no legal proof before me that the writ and the order to hold to bail were improvidently issued or should now be disturbed.

The application is denied.